UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALFREDO MENA, | No. ED CV 06-336-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on April 4, 2006, seeking review of the Commissioner's denial of his applications for Supplemental Security Income payments and Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on April 14, 2006, and April 28, 2006. Pursuant to the Court's Order, the parties filed a Joint Stipulation on December 13, 2006, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on July 23, 1959. [Administrative Record ("AR") at 56.] He has a twelfth grade education from El Salvador and past work experience as a school custodian. [AR at 77-78, 87, 92.]

On April 24, 2003, plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income payments, alleging that he had been unable to work since June 9, 2000, due to neck, lower back, shoulder, and knee pain. [AR at 56-59, 85-94.] After a denial of his applications at the initial level and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on November 16, 2004, at which time plaintiff appeared with counsel and testified on his own behalf. A vocational expert also testified. [AR at 311-54.] On January 20, 2005, the ALJ determined that plaintiff was not disabled. [AR at 16-22.] When the Appeals Council denied review on February 10, 2006, the ALJ's decision became the final decision of the Commissioner. [AR at 4-7.]

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court

must defer to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## **THE EVALUATION OF DISABILITY**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.  Id.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied.  Id.  The claimant has the burden of proving that he is unable to perform past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a prima facie

case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the alleged onset date of the disability.[1] [AR at 17.] At step two, the ALJ concluded that plaintiff had the "severe" impairments of back and neck pain, status post right knee orthoscopy, and status post retina detach surgery. [Id.] At step three, the ALJ determined that plaintiff's impairments did not meet or equal any impairment in the Listing.[2] [AR at 17-18.] The ALJ further opined that plaintiff retained the residual functional capacity ("RFC")[3] to perform sedentary work.[4] [AR at 18.] At step four, the ALJ concluded that plaintiff was not capable of performing his past relevant work. [AR at 19.] At step five, the ALJ found that plaintiff could perform other work that exists in significant numbers in the local and national economies. [AR at 20.] Accordingly, the ALJ determined that plaintiff was not disabled. [AR at 21-22.]

---

[1]   The ALJ also determined that plaintiff met the nondisability requirements for a period of disability and Disability Insurance Benefits, and was insured through the date of the decision. [AR at 17.]

[2]   The ALJ concluded that plaintiff's depression is non-severe. [AR at 18.]

[3]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[4]   Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).  In particular, the ALJ concluded that plaintiff "cannot use his lower extremities for push and/or pull operations; he has occasional postural limitations; he must avoid even moderate exposure to vibration and must avoid all exposure to hazards, such as heights. He has no visual limitations." [AR at 18.]

## V.

## **THE ALJ'S DECISION**

Plaintiff contends that the ALJ: (1) improperly rejected plaintiff's testimony; and (2) failed to articulate specific and legitimate reasons for rejecting the opinions of the examining physician. Joint Stipulation ("Joint Stip.") at 3. The Court agrees that the ALJ failed to properly reject plaintiff's testimony, and remands the matter for further proceedings.

**PLAINTIFF'S CREDIBILITY**

Plaintiff contends that the ALJ failed to properly assess his credibility. Joint Stip. at 3-7. Specifically, plaintiff argues that the ALJ did not "articulate clear and convincing reasons for rejecting [plaintiff's] testimony." Id. at 7.

When the record contains medical evidence of underlying impairments that are reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); see also Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain ... a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."); Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir.1995) (applying Bunnell to subjective physical complaints); see also Goodenow-Boatsman v. Apfel, 2001 WL 253200, *3 (N.D.Cal. Feb. 27, 2001) ("The same rule applies to other types of subjective symptoms beside pain."). In that circumstance, an ALJ can reject a plaintiff's allegations "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The following factors may be considered in weighing a plaintiff's credibility: (1) his reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c). "General findings are insufficient." Reddick v. Chater, 157

1  F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the
2  evidence that undermines the plaintiff's complaints. Id.; Benton, 331 F.3d at 1041. If properly
3  supported, the ALJ's credibility determination is entitled to "great deference." Green v. Heckler,
4  803 F.2d 528, 532 (9th Cir. 1986).

5        "Symptoms can sometimes suggest a greater severity of impairment than is demonstrated
6  by objective and medical findings alone . . . [D]irect medical evidence of the cause and effect
7  relationship between the impairment and the degree of claimant's subjective complaints need not
8  be produced . . . The absence of an objective medical basis which supports the degree of severity
9  of subjective complaints alleged is just one factor to be considered in evaluating the credibility of
10 the testimony and complaints." Luna v. Bowen, 834 F.2d 161, 165 (10th Cir. 1987) (quoting
11 Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984), vacated and remanded on other grounds,
12 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986)); see also Bunnell v. Sullivan, 947 F.2d
13 341, 345-47 (9th Cir. 1991) (en banc) (an "adjudicator may not discredit a claimant's testimony of
14 pain and deny disability benefits solely because the degree of pain alleged by the claimant is not
15 supported by objective medical evidence.") (emphasis added). Thus, the ALJ properly could
16 consider plaintiff's alleged pain in comparison with the objective medical evidence as one reason
17 to discredit plaintiff's testimony.

18       Here, plaintiff testified that he develops knee and foot pain whenever he walks. The pain
19 then moves up to his lower back, and prevents him from moving the way he would like. [AR at
20 317-18.] He experiences this pain on a daily basis, and he rated it as an 8 on a scale of 1-10 in
21 terms of severity, even with medication. [AR at 318-19.] Plaintiff uses a cane because he loses
22 his balance and feels like he is going fall. [AR at 319.] He also has daily pain in his neck, which
23 he rated at about a 7. Id. Plaintiff is able to walk for about a block, i.e., about 20 minutes, at which
24 point he feels very tired and needs to sit and relax his right leg. [AR at 321.] He can sit for about
25 20 minutes at a time before having to get up and straighten his leg. [AR at 322.] He further
26 testified that he can no longer see with his right eye, and his vision with glasses is "very blurry."
27 [AR at 320.] During an average day plaintiff gets his children ready for school, drops them off, and
28 then takes his wife to work. He drives about 10 miles from the house. Plaintiff drives at least 10

times a week. [AR at 328.] He helps around the house with the dishes. [AR at 322.] Plaintiff does not do the laundry, and does not shop for food, although he accompanies his wife to the market. [AR at 334.]

The ALJ concluded that plaintiff's alleged levels of pain and limitations are "not fully corroborated by the medical evidence." As set forth above, while this is a factor that an ALJ can consider in discrediting a claimant's testimony, it cannot be the sole factor. Here, the examples the ALJ cited in connection with the lack of corroboration all relate to asserted contradictions within plaintiff's testimony, or between plaintiff's testimony and the evidence: 1. plaintiff's ability to drive 10 miles daily to take his children to school and his wife to work, as well as to drive to the market and walk around, despite claims that he can sit and walk for only 20 minutes each; 2. his reported pain level of 8 out of 10, even with medication, despite engaging in daily activities, with no reported side effects from his medication; and 3. his reported loss of 90% of the vision in his right eye, despite Dr. Barter's examination to the contrary. [AR at 18.]

Plaintiff asserts that the statements concerning his driving, and walking at the market, are not inconsistent with his purported limitations, as he may sit for only 20 minutes at a time while driving, or may stretch or rest while making his daily trips. As such, plaintiff argues that the ALJ was engaged in speculation in concluding otherwise. Plaintiff also asserts that he does not engage in a wide range of activities.

The Court agrees with plaintiff, as the ALJ has failed to produce clear and convincing reasons[5] for dismissing plaintiff's subjective allegations. First, the ALJ did not determine how long it takes plaintiff to bring his children to school or his wife to work, or whether this driving is consistent with his reported 20-minute limitation on sitting. The ALJ also assumed that plaintiff must walk at the market for more than 20 minutes, and defendant asserts that plaintiff is "obviously able to walk and sit more than twenty minutes" (Joint Stip. at 10), but the record does not establish this. See, e.g., Edlund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001) (speculation by the ALJ did not amount to substantial evidence, let alone evidence that is clear and convincing). Next, the

---

[5] The ALJ made no finding that plaintiff was malingering.

1  ALJ referred to plaintiff's Exertional Daily Activities Questionnaire in citing plaintiff's daily activities
2  as contradicting his level of pain. [AR at 18.] But the daily activities mentioned there include only
3  dressing, walking for up to two blocks, and driving up to 25 minutes. [AR at 95-97.] The same
4  questionnaire indicates that plaintiff needs assistance bathing and showering; is in constant pain;
5  develops pain upon walking for a block; does not lift; and no longer goes to the park or movies,
6  plays basketball with his son, or carries his daughter. [Id.]

7  Plaintiff's statements regarding his activities of daily living suggest that his activities are far
8  more limited than they have been portrayed by the ALJ. See Reddick, 157 F.3d at 722-23 (holding
9  that the ALJ improperly discounted a claimant's subjective testimony when the ALJ paraphrased
10 the record inaccurately). Given the limited nature of plaintiff's activities of daily living, the ALJ has
11 failed to show that the activities supported the finding of nondisability. See Reddick, at 722 ("Only
12 if the level of activity were inconsistent with [c]laimant's claimed limitations would these activities
13 have any bearing on [c]laimant's credibility."). The ALJ's selective reliance on only a portion of
14 the medical evidence did not serve as a clear and convincing reason for rejecting plaintiff's
15 testimony. See id. at 723 (it is impermissible for the ALJ to develop an evidentiary basis by "not
16 fully accounting for the context of materials or all parts of the testimony and reports").

17 Furthermore, at the hearing, the ALJ did not inquire into the amount of time plaintiff
18 expended on these activities. As the record does not indicate that plaintiff's driving, walking or
19 other activities consumed a substantial part of his day, they were not reflective of plaintiff's ability
20 to sustain gainful employment. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)
21 (stating that an ALJ may not discredit a claimant's allegations based on the inconsistency between
22 her daily activities and her disability, where the activities do not take a substantial part of her day);
23 cf. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("[I]f a claimant engages in numerous daily
24 activities involving skills that could be transferred to the workplace, the ALJ may discredit the
25 claimant's allegations upon making specific findings relating to those activities."). The fact that
26 plaintiff assists his family by doing some driving and chores, helps with dishes, and goes to the
27 market with his wife, does not support the ALJ's decision that plaintiff could sustain gainful
28 employment. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (noting that a claimant is not

1  required to be "utterly incapacitated" in order to be disabled and that "many home activities are
2  not easily transferable to what may be the more grueling environment of the workplace").

3  Next, plaintiff's assertion on August 22, 2003, he "feel[s] [he] lost 90% of [his] right eye
4  sight" [AR at 100, 106], relied upon by the ALJ as a contradiction between his testimony and the
5  medical evidence from Dr. Barter [AR at 18], is also not a clear and convincing reason to request
6  his credibility.  First, Dr. Barter noted a significant deterioration in plaintiff's eyesight in just a six
7  month period, from a best possible correction of 20/30 in October 2003, to 20/60 in April, 2004.
8  Further, the ALJ's reliance on plaintiff's lay opinion of the percentage of loss in his eyesight,
9  instead of on the manifestation of that loss -- blurry vision, difficulty seeing signs or driving at night
10 [AR at 102, 320] -- is not a clear and convincing reason for rejection.  The ALJ focused in on a
11 single, non-medically based reflection of plaintiff's belief as to his loss and turned it into an opinion
12 comparable to that of an ophthalmologist based on testing.  This is not substantial evidence.

13 Defendant indicates that the ALJ also cited the lack of side effects from plaintiff's
14 medications as a reason to discredit his pain testimony (Joint Stip. at 9; AR at 18), and argues that
15 the minimal use of pain medication is a valid reason.  But minimal use of medications was not the
16 reason provided by the ALJ.  Rather, the ALJ indicated that plaintiff reported a high level of pain
17 despite use of medications, and that the medications did not cause side effects. As such, the
18 Court will not rely on reasons not provided by the ALJ.  "If the decision on its face does not
19 adequately explain how a conclusion was reached, that alone is grounds for remand.  And that
20 is so even if [the Administration] can offer proper post hoc explanations for such unexplained
21 conclusions."  Barbato v. Comm'r of Soc. Sec. Admin., 923 F.Supp. 1273, 1276 n.2 (C.D.Cal.
22 1996) (quoting Williams v. Bowen, 664 F.Supp. 1200, 1207 (N.D.Ill. 1987)); see also Ceguerra v.
23 Secretary of Health & Human Services, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can
24 evaluate an agency's decision only on the grounds articulated by the agency.").

25 Accordingly, as the reasons provided by the ALJ to reject plaintiff's credibility were not clear
26 and convincing, remand is warranted.
27 /
28 /

## VI.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to give proper consideration to plaintiff's testimony, including supplementing the record as to the time spent in his various activities. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.[6]

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: January 10, 2007

/S/
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[6] In light of the remand as to plaintiff's credibility, the Court will not consider plaintiff's allegation that the ALJ improperly rejected the treating physician's opinion. The Court notes, however, that the dispute concerning the limitation from walking on uneven ground may be easily resolvable on remand.